of America, Mr. Bonas, the next item on our calendar is which we abortively started but now we're starting for real. Burke versus the United States of America, Mr bonus. Good morning to everyone. May it please the court my name is Justin bonus Council for john Burke. I think that every defendant, no matter what the evidence is against them. They're entitled to number one conflict free free counsel, and number two to ultimately make the decision as to whether they testify or not. And in a case like this where the entire defense for Mr Burke was withdrawal. His testimony was critical. It was critical, and just cutting straight to the chase. The government has has put forth that Defense Council did put a defense on about his withdrawal at specifically Mr. Mr. Mr. His co conspirators know that he withdrew from the conspiracy. And that's what Smith, the Smith case really goes into is is it really is only the defendant that can answer these questions. And and and the, the. It is, it is Mr Burke's obligation to put on that defense, and to let the jury know that he communicated that and I think what we have to look here is the standard. So, if the court is defined that there's a conflict and I would say that Mr Burke put on prima facie evidence that there was a conflict, which comes from the horse's mouth it comes from his one of his trial attorneys, Miss Stafford, that she was in fear of Mr Burke. Doesn't she say she was in fear of him at the time of the conduct described in the complaint, which was the failure to actually file a cert petition which was well after trial. She does say that in the beginning of her letter, and then in page three, she talks about her entire representation being pervaded with this fear. And I think that's a great point that you bring up your honor. That's why it is my position that at minimum, a hearing should have been held. You know that that's the question. If her fear existed during the time of trial, she was a critical piece to the she put his she was the person in charge of putting his defense on. That's a bit of an overstatement, she was in charge of putting on a defense case, which is a little bit different from the defense Mr Jacobs was in charge of the defense as lead counsel wouldn't you agree with that. Well, yes, but she was essentially and Mr Jacobs as I understand it from Mr Burke's affidavit Mr Jacobs had the responsibility for preparing him for his testimony if he were to testify. Correct. Correct. And that's why Mr Burke's testimony at a hearing to delve into these facts would have been critical for the court to consider. And I mean the court, the court didn't address the issue, really, of whether Mr Burke had actually insisted on on on testifying, and the court went right to the prejudice issue, it seems, and was a hearing required to resolve the question of prejudice. Well, and I think that's where the critical point is about what is the burden here from Mr Burke is the burden that there was a conflict. And only it was, there was a poor, he only had to show that there was a plausible alternative which is him testifying, or is this the baseline and effective assistant counsel argument where it would have missed with Mr Burke your, your, your principal point I gather on the prejudice issue is that if he had testified. The jury would have come out a different way. Correct. Yes. What, based on what do you say that in light of all of the evidence that the district court pointed to and all of the evidence that the government has pointed to. Well, well most of the evidence that the court that the court pointed to and the, and the US attorney has pointed to is evidence of his guilt with regard to the conspiracy. I know they also point to the fact that when he testified at the suppression hearing, he was he didn't help his case. That was the way they put it. In other words, he was incredible on. That is not necessarily what the magistrate said the magistrate chose to believe a police officer over Mr Burke, and I'll, I'll be honest and all my time practicing I don't know, a judge that would choose a self interested defendant in over a police officer I mean that was really, he did not say that Mr Burke was incredible. He had the judge Ornstein had to make a decision as the didn't help himself very much he didn't help himself with his testimony. Well, and that was a different question though than what he would have testified to with the withdrawal. Indeed, it was a different question right. And that's where you delineate that Mr Burke's testimony with regard to withdraw would have to stand against the co conspirators and have to explain what his relationships were in the jail and prison, sitting at the Italian table for instance which is, that's not evidence necessarily of a conspiracy might be a circumstantial evidence that that he continued in the conspiracy but that's not, that's something that Mr Burke could have addressed. And are you saying, are you saying that, that the the fear that attorney Stafford has inverted to created a conflict that led to the decision to have him not testify against his interest and that the result would have been different, that that's the linkage that because she later admitted to being afraid at least when she was filing or failing to file the cert petition that the result of the trial would have been different. Yes, I believe that it goes to the fact that Mr Burke had a plausible alternative. And because her fear pervaded her judgment interfered with his defense, I mean, and she was one of the three attorney defense team. Correct. And she was not the lead. Correct. Correct. And my question is, is if she would lie about her filing to the Supreme Court, what else would she lie about. I mean this is somebody that was again, she was, she was, while she might have not been in charge of preparing him for his defense she was integral in his defense she was the quarterback of putting his defense case on. And this is what kind of thing might she have lied about that would have affected the result of the trial, do you think. Well, whether Mr Burke I mean the question is, is, is, did Mr Burke actually want to testify. And, and did the defense team. Actually, did they make that decision unilaterally, or was it his decision not to testify other two lawyers on the defense team who are still alive, put an affidavit, saying there was never any question of his testifying because he wouldn't be a good witness. Well, that's not necessarily true, but it was. Well, I don't know if it's true or not but that's what they said in their affidavits. And that's why we would need a hearing to get into the, whether the question whether that is true, and it I mean all Mr Burke has to do is put on a plausible argument of ineffective assistant counsel and and with regard to Mr Jasper specifically, Mr Jasper said it was the consensus he never said that the defense inform Mr Burke that it was his decision alone, as to whether to testify or not. He never said that it was it was the defense team consensus he that they ever put this question of Mr Burke, and Mr Burke And again, what all of the case law states is that it has to be Mr Burke's decision alone, and nobody informed Mr Burke that none of the affidavit either Miss Stafford's or Mr Jasper's affidavit ever states definitive well it doesn't state at all that they that they told Mr Burke that this is your decision alone. They made the decision for him, and you have one lawyer within that group who has admitted that she thought her client was no good. And she was totally afraid of him. And that's a question I think anybody would want would you want somebody that's representing you that's afraid of you and believes that you're this bad person. You have exceeded your time but you have three minutes for rebuttal. Let us hear from the government council may please the court. My name is Whitman nap, and I'm an assistant US attorney in the eastern district of New York. I represent. I suspect you do. I did represent the government in the district court, both at trial and and subsequently. The central issues here are whether Burke received seriously deficient representation, and whether he was prejudiced as a result. His allegation that he received deficient representation because he was stopped from taking the stand by his three lawyers is not substantiated and it's equally not plausible. As your honors have pointed out, both living defense counsel on the three lawyer team that defended him have submitted sworn statements, explaining that Burke never told them that he wanted to testify on his own behalf and trial. Additionally, Richard Jasper who had been appointed as learned counsel to defend Burke submitted an affidavit that said that it was the consensus of the team and I think you pointed this out judge chin, including Mr Burke, that it simply wasn't worth the evidence of the defendants guilt that cited by the district court, in his opinion, and in addition to all of the evidence that the government put on. He had liabilities when it came to cross examination, a long criminal history, he'd made statements in the past, including one to a New York State sentencing court in 1994 essentially saying drugs were my problem I've become religious, you know, things are good now. That's the sort of thing that our team would have been able to cross examine the defendant on had he chosen to take the stand. In fact, his team was very successfully and skillfully able to elicit virtually all of the evidence that he now says he is the only person who could have elicited it through other witnesses through his defense counsel in a previous murder trial through other members of his neighborhood and others around him. The defense team put on nine witnesses in total, and they essentially made the same argument that Burke is making now in his habeas application is past related to drugs was behind him that he had left organized crime. There is a significant difference between putting on other witnesses and a defendant taking the stand and saying it's just not true or I am, you know, I found religion, and it seems to me it's hard to make up for that, you know, in terms of, I don't know that nine witnesses could balance that out if the jury were to believe him. Your Honor, I would suggest that were he to have taken the stand, it would have been to his detriment that there may be certain instances, I agree with you on that but it just seems to me I'm sure it would have been to his detriment but but the point is, it's, you know, it's almost like a structural error if, if it if you're denied the right to testify and I think there may be some language to that effect and some other other contexts but you know you can always insist on going forward with a defense, even though the guilt of the evidence of guilt is overwhelming. Here, however, in the analysis, where the court found clearly that there, there was no prejudice, there is also a real lack of evidence that the defendant had wanted to testify and part of that is what I've already cited. It's the affidavits. The District Court didn't reach that issue did it, it didn't say, I find that he never asked. No, the district, the district court decided purely on the, on the prejudice prime. So, so build, building on that because of the fundamental nature of the government of the defendant's decision to testify or not. I mean we still have here some really shocking behavior by defense counsel after the fact in forging the cert petition and, you know, providing or making up documents and making up a story about whether she filed the cert petition, we have her admission that, that she felt fear, although exactly when she felt that was, you know, uncertain, and, you know, 2255 requires the district court to hold a hearing, unless the motion conclusively show that the prisoners entitled to no relief. Here, you know, if there was such a conflict of interest or some basis for concluding that there was a conflict in one of the three members of the defense team. Burke may have been entitled to a presumption of prejudice, and we have reasons to be concerned about the attorneys participation here, why wasn't it error just for the district court not even to hold a hearing to consider these claims. Your Honor, I think that there was enough information in the record that allowed the court in in the district court in its discretion, not to hold a hearing. And let me start with the standard, what the defendant would need to show was an actual conflict and that's to say that I'm going to interrupt you for just a second you just said the district court in its discretion, not to hold a hearing, but I'm reading 2255 to say, unless the motion and files and records of the case conclusively show that the prisoners entitled to no relief. The district court must hold a hearing. So it's not entirely discretionary is it. I think your honor under the, the, the line of cases that include Chang versus United States and certain others that the standard is actually looser than the, the, the bare language of 2255 would suggest, and that the district court, even when sometimes considering competing competing or contradicting affidavits and other evidence, it may, if it chooses to do so, choose a middle road, that's to say expand the record is the record had been expanded here, assess the evidence, and when the district court deems it appropriate. It may take that middle road of relying upon the expanded record, assessing the evidence brought by the defendant and, and the, the expanded record, and then making the decision at that point. So, and you don't believe that Mr Burke was entitled to presumption of prejudice given the actions, acknowledged by and emotions acknowledged by defense counsel. He was, he was not your honor. One of the, one of the issues that your honors raised on on the argument earlier, related to what the letter from attorney Stafford said and it was just very very clear that the fear that was referenced there followed her failure to file a cert an application for a writ of cert with the Supreme Court followed her having essentially been placed under the thumb or the pressure of a Gambino connected a lawyer who had been hired by Mr. Burke followed a situation in which she had been assaulted, and her fear really was a result of all of those factors, the defendant wasn't able to produce evidence that at the time of the trial. She had felt fear of him. I would also argue that had she felt fear of him at the time of the trial, even if that had been established. There is case law in which the circuit has found that an attorney's fear of his or her client is not sufficient to generate a conflict of interest. So as to the first prong. There has been no actual conflict shown in this record despite all of the information that was provided to the court. There's certainly been no lapse in representation, demonstrated, there's been no plausible alternative defense strategy that's been that's been positive. That has been posited rather. So, here, where Miss Stafford was the junior most of three council she was associate counsel, Mr. Jacobs who had passed away shortly before Mr Burke brought this application was lead counsel, Mr. Jasper was appointed as learned counsel, due to the seriousness of this case, there's simply no showing that there was a conflict or even if she had felt that fear and it was a factor to be considered that somehow that pervaded the decisions of the two more I'm looking at the clock. I see the time is right now. If you have no further questions. We have no further questions council we will turn to Mr bonus who retained three minutes for rebuttal. Yes, and the case that a that council just referred to was john doe, and in john doe that's delineated from this case john doe the defendant in that case caused the fear that that that the defense counsel suffered from here, Mr. And he had the right to know that his lawyer was suffering under this fear, and I go to page three. And this is where page three of what page three of Miss Stafford's letter, it's government song. It's in government's appendix page 114, and specifically it's a paragraph up from the bottom. In addition to the fear and intimidation that Miss Stafford felt during her representation of Mr. reputation. She doesn't delineate when this fear was suffer. And, and if prejudice is presumed because there is a conflict, then, then, then the standard is, was there a plausible alternative here. And the plausible alternative is clear. The plausible alternative is clear put Mr Burke on the stand only he can explain what went on when he was in jail. After 2003 or 2002. He's the person that would have to hear, he's the person that would have to explain that he let people know that come up came in on a visiting room that he was no longer involved with this. So that's, it is not clear. Did the government put on as witnesses, the people to who Mr Burke allegedly explained his, his departure from the conspiracy. Now, so there was no one who heard this information, who testified that they heard it and believed it. No, there was no, I think it was the two witnesses that Mr Burke even put on that he told to go and inform people that he was withdrawing. It was john elite was one witness that was one person that was allegedly in the conspiracy he did not testify, and there were other people in the conspiracy that I thought the defense counsel put on Mr Burke's former lawyer, his, his brother in law, a fellow inmate all testifying that he found religion and had left the Gambino family. And that's absolutely true but when you look at Smith, Your Honor, it's the Supreme Court is clear, and then there's other cases that are clear that it's Mr Burke's obligation to not be a passive non participant is not enough to show withdrawal that he has to let his co conspirators know that he is withdrawing from the conspiracy he has to actively do that. And this is something that Mr Burke could have testified to. I think one of the witnesses that Mr Burke testify, or stated in his affidavit was Mr Brent Kato I can't remember his, his name specifically, but he came to visit Mr Burke twice when Mr Burke was actually one month. And Mr Burke would have been able to specifically testify, I told this man, no longer involved with that lifestyle. Only Mr Burke could have put that forth and there is a conflict here and it is my position. And if the court comes to that conclusion, there is a plausible alternative to how this case could have been tried and the defense that could have been put on. And all I all I asked the court is for due process and that Mr Burke has a hearing should have been held to explore these facts. Thank you counsel will reserve decision. Thank you both for a very good argument.